## UNITED STATES of America

v.

## Charlie HARRIS and Otis Tyrone Powell.

### Criminal No. 2:12CR77.

United States District Court,
N.D. Mississippi.

May 16, 2013.

Susan Spears Bradley, U.S. Attorney's Office, Oxford, MS, for Plaintiff.

Federal Public Defender's Office, Northern District of Mississippi, Thomas C. Levidiotis, David G. Hill, Hill and Minyard, P.A., Oxford, MS, Gregory S. Park, Federal Public Defender's Office, Northern District of Mississippi, for Defendants.

## *ORDER*

MICHAEL P. MILLS, Chief Judge.

This cause comes before the court on the motion of defendant Otis Tyrone Powell to draw the jury venire in this case from the Greenville division. This court previously denied this motion in a ruling from the bench, and it enters this written order to explain that ruling.

In seeking to draw the jury venire in this case from the Greenville division, defendant relies upon the fact that he is a "member of the African–American race" and upon statistics showing that the Greenville division has a much higher percentage of black residents than the Oxford division. Specifically, defendant argues that:

> Mr. Powell, a member of the African–American race, would be comparatively disadvantaged to the point of actual prejudice were the venire drawn from the Oxford Division given the underrepresentation of the African–American race within the Oxford Division as com-

pared to the Greenville Division.... The Oxford Division in terms of race presents a completely different makeup when compared to the Greenville Division wherein persons of African–American race constitute the vast majority in six of the ten counties, not to mention that three of those four Caucasian-majority counties maintain an African–American population in the forty-percent range.

Apart from his race, defendant presents this court with no case-specific factors which would support drawing the jury venire in this case from the Greenville division. For example, defendant cites no particular prejudice that exists against him as an individual in the Oxford division, and, in fact, it is the Government that has sought to prove that both defendants have connections and influence in communities in the Greenville division which might prejudice its case. The Government also correctly notes that it would pose a considerable burden on any Greenville division jurors to have to travel long distances to attend a trial in Oxford.

Defendant's failure to offer any proof of case specific-prejudice is particularly glaring considering that he cites in his brief Fifth Circuit authority that an intra-district transfer may be required in criminal cases only upon "a strong showing of prejudice." *U.S. v. Duncan,* 919 F.2d 981, 985 (5th Cir.1990). Obviously, the mere fact that defendant finds himself as an African-American defendant in the Oxford division does not constitute a "strong showing of prejudice" within the meaning of *Duncan.* It is well established that there is no constitutional right to be tried in a particular division within a district, *see United States v. McKinney,* 53 F.3d 664, 673 (5th Cir. 1995), and, moreover, "[a] defendant is not entitled to a jury of any particular composition, any racial composition, or to a jury composed wholly or in part of persons of the defendant's own group or race." *Unit-ed States v. Patton,* 2006 WL 2038628 (N.D.Miss.2006). Finally, the court notes that this district's Jury Plan, as amended in July 2011, provides that:

> [u]pon good cause having been shown by either party or on the court's determination *sua sponte* that a petit jury panel should be drawn on a district-wide basis and the court finding that a district-wide jury is preferred due to the notoriety of the offenses or parties involved or for other reasons, the court may direct the clerk to draw a petit jury panel on a district-wide basis, instead of a divisional jury panel.

The fact that the Jury Plan specifically references case-specific factors such as the "notoriety of the offenses" illustrates that the mere fact that defendant belongs to a particular race is not a sufficient reason to disregard the customary jury practices in criminal cases.

In light of the foregoing, the court concludes that defendant has failed to present good cause for drawing the jury venire in this case from the Greenville division, and his motion [61–1] seeking to do so is denied.